# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2022

Lyle W. Cayce
Clerk

No. 21-40213
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ARTHUR JAMES PIERRE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-36-32

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Arthur James Pierre, federal prisoner # 15550-043, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. We review the denial for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40213

Relying on *United States v. Shkambi*, 993 F.3d 388, 390-93 (5th Cir. 2021), Pierre argued in his appellant's brief only that the district court had erred by treating U.S.S.G. § 1B1.13 as binding and dismissing his motion for lack of jurisdiction. After we ordered a limited remand, the district court reconsidered Pierre's claims in light of *Shkambi*, and it issued a supplemental order denying relief on the ground that he had failed to show extraordinary and compelling reasons. *See* § 3582(c)(1)(A)(i). Despite that he was afforded the opportunity to address the district court's supplemental order, Pierre failed to do so; he has, therefore, abandoned any challenges to it. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). He fails to show that the district court abused its discretion. *See Chambliss*, 948 F.3d at 693.[1]

AFFIRMED.

---

[1] The factual reasons for the district court's conclusions are thoroughly outlined in a detailed twelve-page order discussing, *inter alia*, Pierre's current health concerns, his post-sentencing disciplinary history, and the parties' competing arguments. This detailed assessment certainly satisfies the "specific factual reasons" required for meaningful appellate review. *Chambliss*, 948 F.3d at 693; *see also United States v. Suttle*, No. 21-50576, 2022 WL 1421164 (5th Cir. 2022)(unpub.); *United States v. Sauseda*, No. 21-50210, 2022 WL 989371 (5th Cir. 2022)(unpub.).